IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY A.M. BROWN,

    Plaintiff,

v.

BRIAN A. BROWN,

    Defendant.

No. CV 13-03318 SI

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, WITH LEAVE TO AMEND**

Defendant Brian A. Brown's motion to dismiss plaintiff Gregory A.M. Brown's complaint, or in the alternative, for a more definite statement, is scheduled for hearing on November 15, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss, GRANTS leave to amend, and DENIES defendant's motion for a more definite statement. If plaintiff wishes to amend his complaint, he must do so by **December 16, 2013.**

**BACKGROUND**

The following allegations are taken from the complaint. Plaintiff and defendant are brothers and business partners. Docket No. 1, Compl. ¶ 1. Plaintiff lives in Washoe County, Nevada. *Id.* ¶ 8. Around late 1999, defendant moved to California to start a new Internet-based software company with

plaintiff. *Id.* ¶ 25. Shortly thereafter, plaintiff and defendant agreed to enter into a 50/50 partnership agreement where plaintiff and defendant would share equally all profits, expenses, stock, stock options, and intellectual property obtained through their joint business activities. *Id.* ¶¶ 29-35, 48-49, 53, 68-73, 87, 98, 101, 107, 120, 198. Over the years, the brothers engaged in various business ventures, such as manageStar, Raptor Anchors, LLC now known as WallClaw Anchors, LLC ("WallClaw"), Sub-One Technology ("Sub-One"), Joyent, Inc. ("Joyent"), The Air Machine, LLC, and International Patent Development Group ("IPDG"). *Id.* ¶¶ 27-96. Plaintiff alleges that the 50/50 partnership agreement applied to all these business ventures. *Id.* ¶ 69-70. The advantage of the 50/50 partnership agreement was that it allowed the brothers to allocate their time and resources as needed to these various business ventures. *Id.* ¶ 75. Therefore, one brother could work on a project that was providing immediate payment to the partnership, so the other brother could pursue businesses and ideas that might not be profitable in the near future. *Id.* ¶ 76.

Plaintiff alleges that he complied with the terms of the 50/50 partnership agreement, sharing his severance, stock, stock options, ideas, and rights with the defendant. Compl. ¶¶ 36-47, 73, 86, 87, 94-96, 102, 108, 129, 148, 196. In August 2009, defendant proposed changing the parties' respective equity positions under the 50/50 partnership agreement such that defendant would keep a higher percentage of income from Sub-One. *Id.* ¶¶ 183-86. Plaintiff refused and the parties never reached an agreement on whether to restructure the 50/50 partnership agreement. *Id.* ¶¶ 188-89. Plaintiff alleges that around 2011, defendant breached the 50/50 partnership agreement by refusing to share with plaintiff Joyent stock and stock options, Joyent payments, Sub-One payments, and WallClaw expenses. *Id.* ¶¶ 207, 225-26, 258-78. Plaintiff also alleges that defendant misappropriated some of the partnership's intellectual property by omitting plaintiff as a named inventor on a patent application. *Id.* ¶¶ 227-257.

On January 31, 2013, plaintiff filed an action against defendant in Nevada state court, alleging causes of action for: (1) accounting; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) breach of fiduciary duty; (5) conversion; (6) unjust enrichment; (7) misrepresentation; and (8) declaratory relief. Compl. On March 14, 2013, defendant removed the action from state court to the District of Nevada on the basis of diversity jurisdiction. Docket No. 1, Notice

of Removal. On July 15, 2013, the action was transferred from the District of Nevada to this district. Docket No. 26.

By the present motion, defendant moves to dismiss all of the causes of action in the complaint. Docket No. 51. Defendant also moves, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). *Id.*

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal, 556 U.S. at 678.* In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has

"repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.    Plaintiff's Claim for Breach of Contract**

Plaintiff alleges a cause of action against defendant for breach of contract. Compl. ¶¶ 290-98. Defendant argues that the Court should dismiss this claim because plaintiff's allegations fail to properly state a claim for breach of contract, fail to provide defendant with fair notice, and lack plausibility. Docket No. 51, Def.'s Mot. at 11-17. In addition, defendant argues that plaintiff's breach of contract claim is barred by the applicable statute of limitations. *Id.* at 11-12; Docket No. 59, Def.'s Reply at 2-4. In response, plaintiff argues that he has properly alleged that defendant has breached the 50/50 Partnership Agreement and several other written agreements. Docket No. 58, Pl.'s Opp'n at 3-9.

The elements of a cause of action for breach of contract under California law are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). The elements of a cause of action for breach of contract under Nevada law are "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (1865)).

In the complaint, plaintiff alleges that defendant breached the Joyent Contract, the WallClaw operating agreement, and the 50/50 Partnership Agreement.[1] Compl. ¶¶ 291-92, 295. Plaintiff then alleges that defendant has breached these contracts by refusing to: "share Sub-One payments, share the

---

[1] Plaintiff also alleges that he is an intended third-party beneficiary of defendant's agreement with Sub-One, but plaintiff does not appear to allege in the complaint that this agreement has been breached. *See* Compl. ¶ 294.

4

Joyent Contract payments, share the Joyent stock and stock options, share the WallClaw expenses, recognize the partner's shared intellectual property rights, reconcile the parties' disparate compensation packages, and otherwise comply with the parties' 50/50 partnership agreement." *Id.* ¶ 296. But, the only contract alleged in the complaint that requires defendant to share with plaintiff his payments, stock, stock options, expenses, and intellectual property rights is the 50/50 partnership agreement. *See id.* ¶¶ 29, 32, 45, 48-49, 53, 68, 71, 98, 101, 129. Plaintiff does not allege that either the Joyent contract or the WallClaw contract contains these provisions.[2] Therefore, plaintiff has only alleged a breach of the terms in the 50/50 partnership agreement, and, therefore, plaintiff has failed to properly plead a cause of action for breach of contract based on the Joyent contract or the WallClaw agreement. Accordingly, the Court dismisses plaintiff's breach of contract claim to the extent it is based on any contract other than the alleged 50/50 partnership agreement, with leaved to amend.

Defendant argues that plaintiff's allegations related to the 50/50 partnership agreement should be dismissed because plaintiff fails to allege the location of the agreement and whether the agreement was written or oral. Def.'s Mot. at 11-12. To state a claim for breach of contract, plaintiff need only plead the existence of a contract. *See Oasis W. Realty*, 51 Cal. 4th at 821; *Saini*, 434 F. Supp. 2d at 919-20. Defendant has failed to provide the Court with any authority for its contention that a plaintiff must allege the location of the agreement and whether the agreement was written or oral.[3] *Cf. Agricola Baja*

---

[2] The Joyent contract provides in section 2 entitled "Compensation" that Joyent, Inc. "will pay B and G Brown a monthly retainer cash fee of $5,000 per month. . . . All payments shall be made in 50% increments to each Brian A. Brown and Gregory A.M. Brown." Compl. Ex. 2. Therefore, according the terms of Joyent contract, any alleged failure to provide plaintiff with the required payments due under the contract would be a breach by non-party Joyent, not defendant.

In his opposition, plaintiff argues that defendant breached the Wallclaw agreement by failing to allow a third manager to be appointed. Pl.'s Opp'n at 5; *see also* Compl. ¶ 215. But, in the complaint, plaintiff does not allege that his breach of contract claim is based on that alleged breach of the Wallclaw agreement. *See* Compl. ¶ 296.

[3] Defendant also argues that plaintiff's allegations related to the 50/50 partnership agreement are implausible because they are contrary to fundamental principles of corporate law, securities law, and community property law. Def.'s Mot. at 14-16. Defendant does not provide the Court with any authority for his contention. In addition, to state a claim for relief, plaintiff need only plead facts establishing the elements for a breach of contract claim. *See Oasis W. Realty*, 51 Cal. 4th at 821; *Saini*, 434 F. Supp. 2d at 919-20. Plaintiff does not need, at this point, to explain how the contract complies with fundamental principles of corporate law, securities law, and community property law.

*Best, S. De. R.L. de C.V. v. Harris Moran Seed Co.*, 2012 U.S. Dist. LEXIS 19396, at *10 (S.D. Cal. Feb. 16, 2012) (declining to dismiss breach of contract claim for failing to allege the location of the agreement).

Defendant also argues that plaintiff's allegations related to the 50/50 partnership agreement fail to provide him with fair notice because plaintiff alleges three different iterations of the alleged partnership agreement. Def.'s Mot. at 13. The Court disagrees. In explaining how defendant allegedly breached the 50/50 partnership agreement, the allegations in the complaint refer to different provisions of the agreement, not different iterations of the agreement. *See, e.g.*, Compl. ¶¶ 29, 40, 69, 98, 107. The complaint lists the specific terms of the 50/50 partnership agreement that defendant has allegedly breached. *Id.* ¶ 296. Therefore, the allegations provide defendant with fair notice of the conduct challenged in plaintiff's breach of contract claim.

Defendant next argues that plaintiff's allegations related to the 50/50 partnership agreement are implausible because the existence of such an agreement is contradicted by various written agreements referenced in the complaint. Def.'s Mot. at 15-16. Defendant notes that none of the agreements reference the alleged 50/50 partnership agreement. Def.'s Reply at 7. This may be true, but defendant has failed to show that any of the agreements disclaim the existence of the alleged agreement. In deciding defendant's motion to dismiss, the Court must accept as true plaintiff's allegations regarding the existence of the 50/50 partnership agreement. *See al-Kidd*, 580 F.3d at 956.

Finally, defendant argues that plaintiff's claim for breach of the 50/50 partnership agreement is barred by the statute of limitations. Def.'s Mot. at 11-12; Def.'s Reply at 2-4. In his opposition, Plaintiff concedes that the 50/50 partnership agreement is an oral agreement governed by California law. Pl.'s Opp'n at 5-6. California Code of Civil Procedure § 339(1) provides a two year statute of limitations for breach of oral contract claims. *Church v. Jamison*, 143 Cal. App. 4th 1568, 1577 (2006). "A cause of action for breach of contract accrues at the time of breach, which then starts the limitations period running." *Cochran v. Cochran*, 56 Cal. App. 4th 1115, 1120 (1997). A defendant raising a statute of limitations defense bears the burden of proof. *Cal. Sansome Co. v. United States Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995); *Samuels v. Mix*, 22 Cal. 4th 1, 10 (1999).

Defendant argues that plaintiff's breach of contract claim is barred by § 339(1) because plaintiff alleges that defendant first breached the 50/50 partnership agreement on August 30, 2009. Def.'s Reply at 2-3. In response, plaintiff argues that the conduct referred to in the complaint constitutes an anticipatory repudiation rather than a breach, and therefore, the statute of limitations was tolled until defendant actually breached the contract in 2011. Pl.'s Opp'n at 10-11; *see Romano v. Rockwell Internat., Inc.*, 14 Cal. 4th 479, 490 (1996) (holding that an anticipatory repudiation tolls the statute of limitations). A party anticipatorily repudiates a contract expressly by unequivocally refusing to perform. *County of Solano v. Vallejo Redevelopment Agency*, 75 Cal. App. 4th 1262, 1276 (1999). In the complaint, plaintiff alleges that on or about August 30, 2009, in reference to the Sub-One payments, defendant suggested changing the parties' respective equity positions under the 50/50 partnership agreement, but that the parties never reached an agreement on whether to restructure the contract. Compl. ¶¶ 183-84, 189. Plaintiff does not allege that defendant refused to share any of his Sub-One payments at this time. Drawing all reasonable inferences in favor of the plaintiff, these allegations at most constitute an anticipatory repudiation of the contract rather than a breach. *See al-Kidd*, 580 F.3d at 956 (requiring that the district court draw all reasonable inferences in favor of the plaintiff when deciding a 12(b)(6) motion). Therefore, defendant has failed to carry his burden of proving that plaintiff's breach of contract claim is, on the face of the complaint, barred by the applicable statute of limitations. Accordingly, the Court declines to dismiss plaintiff's breach of contract claim to the extent it is based on the alleged 50/50 partnership agreement.

## II. Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff alleges a cause of action for breach of the implied covenant of good faith and fair dealing against defendant. Compl. ¶¶ 299-306. Defendant argues that this claim should be dismissed because plaintiff has failed to properly allege the existence of the 50/50 partnership agreement. Def.'s Mot. at 17-18. As explained in the preceding section, plaintiff has sufficiently pleaded the existence of the 50/50 partnership agreement and stated a claim for breach of specific terms of that agreement. *See*

Compl. ¶¶ 29, 68, 296. Accordingly, the Court declines to dismiss plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

### III. Plaintiff's Claim for Breach of Fiduciary Duty

Plaintiff alleges a cause of action for breach of fiduciary duty against defendant. Compl ¶¶ 307-10. Defendant argues that this claim should be dismissed because plaintiff has failed to allege that a fiduciary relationship exists between himself and defendant. Def.'s Mot. at 18. In response, plaintiff argues that a fiduciary relationship exists under the 50/50 partnership agreement. Pl.'s Opp'n at 14-15.

"The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 483 (1998). Defendant again argues that this claim should be dismissed because plaintiff has failed to properly allege the existence of the 50/50 partnership agreement. Def.'s Mot. at 18. The Court disagrees. Plaintiff has sufficiently pleaded the existence of the 50/50 partnership agreement. *See* Compl. ¶¶ 29, 68. A partner owes a fiduciary duty to the partnership and the other partners. Cal. Corp. Code § 16404(a); *Oakland Raiders v. National Football League*, 131 Cal. App. 4th 621, 632 (2005). Therefore, plaintiff has sufficiently alleged that defendant owes him a fiduciary duty.

Defendant also argues that plaintiff cannot allege a cause of action for breach of fiduciary duty based on the WallClaw operating agreement because that agreement contains an arbitration provision. Def.'s Mot. at 18. In response, Plaintiff argues that defendant has waived his right to arbitrate and consented to the present action. Pl.'s Opp'n at 15. Defendant has not moved to compel arbitration of plaintiff's claims related to the WallClaw agreement. Further, in the complaint, plaintiff alleges that he sent defendant a notice of dispute resolution to formally commence arbitration under the WallClaw agreement, but defendant disputed the need to engage in arbitration and threatened to file a lawsuit against plaintiff. Compl. ¶¶ 268-72. Taking these allegations as true and drawing all reasonable inferences in favor of plaintiff, defendant has waived his right to arbitrate plaintiff's claims related to

8

the WallClaw agreement.[4] *See Fisher v. A.G. Becker Paribas Incorporated*, 791 F.2d 691, 694 (9th Cir. 1986) ("A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts."). Accordingly, the Court declines to dismiss plaintiff's claim for breach of fiduciary duty.

## IV. Plaintiff's Claim for Accounting

Plaintiff alleges a cause of action for accounting against defendant. Compl. ¶¶ 279-89. Defendant argues that this claim should be dismissed because plaintiff has failed to allege that defendant had control over some aspects of the alleged 50/50 partnership agreement. Def.'s Mot. at 19.

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009). In the complaint, plaintiff alleges that under the 50/50 partnership agreement, defendant had a fiduciary relationship with plaintiff. Compl. ¶¶ 280-83; *see also* Cal. Corp. Code § 16404(a) (stating that a partner owes fiduciary duties to the partnership and the other partners). A fiduciary relationship is a relationship that requires an accounting. *See Jolley v. Chase Home Finance*, LLC, 213 Cal. App. 4th 872, 910 (2013). Further, plaintiff alleges that pursuant to the terms of the 50/50 partnership agreement, defendant owes plaintiff money and other property, but plaintiff cannot ascertain the amount owed because defendant has had control over some aspects of the partnership, such as the Sub-One and Joyent businesses. Compl. ¶¶ 49, 62, 75-76, 87, 261-62, 283-89. These allegations are sufficient to state a claim for accounting. Accordingly, the Court declines to dismiss plaintiff's accounting claim.

///

///

///

---

[4] The Court's holding is without prejudice to defendant moving to compel arbitration of these claims at a later time in the action based on a fuller evidentiary record.

9

**V.     Plaintiff's Claim for Misrepresentation**

Plaintiff alleges a cause of action against defendant for misrepresentation. Compl. ¶¶ 328-36. Defendant argues that this claim should be dismissed because plaintiff's allegations fail to comply with the particularity requirements of Federal Rule of Civil Procedure 9(b). Def.'s Mot. at 20.

The elements of intentional misrepresentation under California and Nevada law are: (1) a false representation; (2) knowledge of falsity; (3) intent to induce reliance; (4) reliance; and (5) damage. *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997); *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998). Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). To satisfy Rule 9(b)'s heightened pleading standard, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)); *see also In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) ("[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.").

In the complaint, plaintiff alleges that defendant made affirmative misrepresentations that he would "(1) abide by the 50/50 Partnership Agreement, (2) share his stock and stock options in Joyent, (3) share his compensation under the Joyent Contract, (4) share his compensation under the Sub-One contract work, (5) share the costs of developing the partners' intellectual property, (6) share the costs of developing the partners' shared business ventures, (7) correct the stock option and payment discrepancies with Joyent, and (8) ensure that [plaintiff] received compensation for his work, and (9) protect the Plaintiff's rights and interests." Compl. ¶ 330. These conclusory allegations are insufficient to satisfy Rule 9(b)'s heightened pleading standard. The allegations do not provide the who, what, when, where, and how of the specific representations that defendant allegedly made.

In his opposition, plaintiff argues that the complaint is full of specific representations made by defendant. Pl.'s Opp'n at 17-18 (citing Compl. ¶¶ 68, 81, 127-28, 130-39, 164). However, the allegations plaintiff references fail to provide either the what, when, where, or how of the alleged representations. For example, plaintiff cites to the following allegation: "Defendant agreed to perform

10

1 this work under the 50/50 Partnership Agreement." Compl. ¶ 127.  As to this representation, plaintiff
2 does not state where or when it was made, what defendant specifically stated, or how the statement was
3 false.  Accordingly, the Court dismisses  plaintiff's claim for misrepresentation, with leave to amend.

**VI.     Plaintiff's Claim for Conversion**

Plaintiff alleges a cause of action for conversion.  Compl. ¶¶ 311-22.  Defendant argues that plaintiff's conversion claim should be dismissed because it is preempted by federal patent law.  Def.'s Mot. at 23.

In the complaint, plaintiff alleges that he is a co-owner and co-inventor of the sink concept. Compl. ¶¶ 229-33, 312.  Plaintiff further alleges that defendant wrongfully deprived plaintiff of his ownership rights in the sink concept by omitting defendant as an inventor from the sink utility patent application. *Id.* ¶¶ 244-57, 314-17.  "[F]ederal patent law preempts any state law that purports to define rights based on inventorship." *University of Colo. Found., Inc. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1372 (Fed. Cir. 1999); *see also Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998) *overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) ("If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law.").  Because plaintiff's conversion claim is based on his contention that he was improperly omitted as an inventor on the sink utility patent application, plaintiff's conversion claim as pled is preempted. *See Am. Cyanamid Co.*, 196 F.3d at 1372; *see, e.g.*, *Auburn Univ. v. IBM*, 2009 U.S. Dist. LEXIS 104310, at *5-13 (M.D. Ala. Nov. 9, 2009) (dismissing plaintiff's state law conversion claim challenging the proper inventorship of two patents as preempted by federal patent law).  Plaintiff argues that the Federal Circuit's decision in *American Cyanamid* is distinguishable from the present case because here plaintiff's allegations relate to a pending patent application rather than to an issued patent.  Pl.'s Opp'n at 21.  However, this distinction is not meaningful as federal law governs inventorship disputes related to pending patent applications in addition to issued patents.  *See*

1  35 U.S.C. § 116; *HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.*, 600 F.3d 1347, 1353 (Fed. Cir. 2010).

2  Accordingly, the Court dismisses plaintiff's claim for conversion as preempted by federal law.[5]

### VII. Plaintiff's Claim for Unjust Enrichment

Plaintiff alleges a cause of action for unjust enrichment. Compl. ¶¶ 323-27. Defendant argues that this claim should be dismissed because unjust enrichment is not a cause of action under California law. Def.'s Mot. at 24. In response, plaintiff argues that his unjust enrichment claim is governed by Nevada law, which recognizes a cause of action for unjust enrichment. Pl.'s Opp'n at 23. Resolution of the parties' choice of law dispute regarding this claim is unnecessary at this time. Nevada law recognizes a cause of action for unjust enrichment. *See, e.g.*, *Unionamerica Mortgage & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981). Moreover, although California courts are split on whether unjust enrichments is a cognizable cause of action, *see Herrington v. Johnson & Johnson Consumer Companies, Inc.*, 2010 U.S. Dist. LEXIS 90505, at *41-42 (N.D. Cal. Sept. 1, 2010) (citing cases), "[c]ourts in this district have held that California law permits unjust enrichment claims, in which 'restitution may be awarded either (1) in lieu of breach of contract damages, where an asserted contract is found to be unenforceable or ineffective, or (2) where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct, but the plaintiff has chosen not to sue in tort.'" *Ellsworth v. U.S. Bank, N.A.*, 908 F. Supp. 2d 1063, 1087 (N.D. Cal. 2012) (citing *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004)). Therefore, in this district, plaintiff may bring a cause of action for unjust enrichment under either California or Nevada law.

Defendant also argues that plaintiff's unjust enrichment claim should be dismissed because he alleges his work was governed by express written contracts. Def.'s Mot. at 23-24. Under both California and Nevada law, an action for unjust enrichment is not available when there is an express, written contract regarding the particular subject matter. *Leasepartners Corp. v. Robert L. Brooks Trust*,

---

[5] As part of his conversion claim, plaintiff also alleges that "Defendant may have wrongfully deprived and dispossessed the Plaintiff of his ownership rights in the partners' window washing unit, massage unit designs, and hand sanitizer dispenser unit." Compl. ¶ 318. These speculative allegations are insufficient to state a claim for conversion. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Iqbal*, 129 S. Ct. at 1949 (requiring the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully").

12

942 P.2d 182, 187 (Nev. 1997); *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012). However, inconsistent pleadings are permissible under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(d)(2), (3); *Oki America, Inc. v. Microtech Int'l, Inc.*, 872 F.2d 312, 314 (9th Cir. 1989). Therefore, plaintiff may plead a cause of action for unjust enrichment in addition to his cause of action for breach of contract. *See Parino v. Bidrack, Inc.*, 838 F. Supp. 2d 900, 908 (N.D. Cal. 2011); *Oracle Corp. v. SAP AG*, 2008 U.S. Dist. LEXIS 103300, at *24 (N.D. Cal. Dec. 15, 2008). Accordingly, the Court declines to dismiss Plaintiff's claim for unjust enrichment.[6]

## VIII. Plaintiff's Claim for Declaratory Relief

Plaintiff alleges a cause of action against defendant for declaratory relief. Compl. ¶¶ 337-42. Defendant argues that the Court should exercise its discretion and decline to exercise jurisdiction over the declaratory relief claim. Def.'s Mot. at 24-25.

"The exercise of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), is committed to the sound discretion of the federal district courts. Even if the district court has subject matter jurisdiction, it is not required to exercise its authority to hear the case." *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 802 (9th Cir. 2002). However, "when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief. If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." *Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). Here, plaintiff has properly pleaded several non-discretionary state law claims. Therefore, the Court declines to exercise its discretion and dismiss plaintiff's claim for declaratory relief.

///

---

[6] In his reply, defendant argues that plaintiff's unjust enrichment claim is barred by the applicable statute of limitations for the same reasons that plaintiff's breach of contract claim is barred by the statute of limitations. Def.'s Reply at 13-14. For the same reasons that the Court declines to dismiss plaintiff's breach of contract claim as barred by the statute of limitations, the Court also declines to dismiss plaintiff's unjust enrichment claim as barred by the statute of limitations on the face of the complaint. *See supra* section I.

13

**IX.  Defendant's Rule 12(e) Motion for a More Definite Statement**

In the alternative to his motion to dismiss, defendant moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Def.'s Mot. at 25. Rule 12(e) provides that a party may move for a more definite statement of a pleading this is "so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion should be considered in light of the liberal pleading standards of Rule 8(a). *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (*citing Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.")).

A Rule 12(e) motion should be granted when the complaint is so vague that the defendant cannot discern the nature of the plaintiff's claims and thus cannot frame a response. *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981); *Boxall v. Sequoia Union High Sch. Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979). If the complaint notifies the defendant of the substance of the plaintiff's claim, a Rule 12(e) motion should not be granted. *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her."). A Rule 12(e) motion should also be denied if the detail sought is obtainable through discovery. *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998).

Defendant argues that a more definite statement is required because plaintiff's allegations regarding the alleged 50/50 partnership agreement are fundamentally contradictory. The Court disagrees. In explaining how defendant allegedly breached the 50/50 partnership agreement, the allegations in the complaint refer to different provisions of the agreement, not different iterations of the agreement. The allegations provide the specific terms of the agreement that defendant allegedly breach, allowing defendant to discern the nature of the claims and frame a response. *See* Compl. ¶ 296. Any further detail needed could be obtained through discovery. Accordingly, the Court denies defendant's Rule 12(e) motion for a more definite statement.

**CONCLUSION**

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss the complaint, DENIES defendant's motion for a more definite statement, and GRANTS plaintiff leave to amend the complaint. Docket No. 51. If plaintiff wishes to amend the complaint, plaintiff must do so by **December 16, 2013**. This order resolves Docket Nos. 51 and 60.[7]

**IT IS SO ORDERED.**

Dated: November 5, 2013

SUSAN ILLSTON
United States District Judge

---

[7] On October 17, 2013, defendant filed a motion strike portions of plaintiff's declaration filed in support of plaintiff's opposition. Docket No. 60. Because the Court's order does not reference or rely on the declaration at issue, the Court DENIES as moot defendant's motion to strike.