IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A.M. BROWN,<br><br>    Plaintiff,<br><br>   v.<br><br>BRIAN A. BROWN,<br><br>    Defendant.<br>_____/ | No. CV 13-03318 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL** |

Plaintiff Gregory A.M. Brown's motion to compel the production of documents is scheduled for hearing on January 17, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS plaintiff's motion to compel.

**BACKGROUND**

**I.  The Lawsuit**

The following allegations are taken from plaintiff's first amended complaint ("FAC"). Plaintiff and defendant are brothers and business partners. Docket No. 68, FAC ¶ 1. Around late 1999, defendant moved to California to start a new Internet-based software company with plaintiff. *Id.* ¶ 25. Shortly thereafter, plaintiff and defendant agreed to enter into a 50/50 partnership agreement whereby plaintiff and defendant would share equally all profits, expenses, stock, stock options, and intellectual property obtained through their joint venture. *Id.* ¶¶ 29-49, 68, 315. Over the years, the brothers

engaged in various business ventures, such as manageStar, Raptor Anchors, LLC now known as WallClaw Anchors, LLC, Sub-One Technology, Joyent, Inc., The Air Machine, LLC, and International Patent Development Group. *Id.* ¶¶ 27-182. Plaintiff alleges that the 50/50 partnership agreement applied to all these business ventures. *Id.* ¶¶ 68-78.

Plaintiff alleges that he complied with the terms of the 50/50 partnership agreement, sharing his severance, stock, stock options, ideas, and rights with defendant. FAC ¶¶ 35-49, 53, 85-87, 115, 120-24, 142, 191-97, 314. Plaintiff alleges that around 2011, defendant breached the 50/50 partnership agreement by refusing to share with plaintiff Joyent stock and stock options, Joyent payments, Sub-One payments, and WallClaw expenses. *Id.* ¶¶ 279-93, 299, 317. In the present action, plaintiff alleges causes of action against defendant for: (1) accounting; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) breach of fiduciary duty; (5) quantum meruit; (6) unjust enrichment; (7) misrepresentation; and (8) declaratory relief. *Id.* ¶¶ 300-421.

## II.     The Subpoena

On or about September 6, 2013, plaintiff served a Subpoena Duces Tecum on David Young, co-founder and former CEO of Joyent and former executive of manageStar, requesting that he produce certain documents. Docket No. 69-1, Williamson Decl. Ex. 1. The subpoena and cover letter requested that Mr. Young provide the documents by mail to the offices of Robertson, Johnson, Miller & Williamson located at 50 W. Liberty St., Suite 600, Reno, NV 89501 by September 25, 2013, or in the alternative, to provide the documents in person at the offices of American Reporting Services, LLC located at 711 Grand Avenue, Suite 120, San Rafael, CA 94901 on September 27, 2013 at 4:00 p.m. *Id.* Plaintiff's counsel states that Mr. Young failed to comply with the above two deadlines. Docket No. 69-3, Williamson Decl. ¶¶ 8-9.

On November 15, 2013, plaintiff's counsel contacted Mr. Young. Docket No. 69-4, Mapes Decl. ¶ 4. Mr. Young stated that he had produced the documents to an unknown address in San Rafael. *Id.* Plaintiff's counsel stated that he had not received any documents at his law offices or from American Reporting Services in San Rafael. *Id.* Plaintiff's counsel requested that Mr. Young resubmit the

documents, but he refused and stated that he would not provide any further documents without a second subpoena. *Id.*

Plaintiff's counsel states that after a diligent search of his files and requests to American Reporting Services in San Rafael, he is informed and believes that Mr. Young never provided the documents requested in the subpoena. Docket No. 69-3, Williamson Decl. ¶ 11. Plaintiff's counsel states that he has further attempted to contact Mr. Young regarding the matter, but Mr. Young has failed to respond. *Id.* ¶¶ 12-13. By the present motion, plaintiff moves for an order compelling Mr. Young to comply with the subpoena and produce the requested documents. Docket No. 69. To date, Mr. Young has not filed an opposition to plaintiff's motion.

## LEGAL STANDARD

Pursuant to former Federal Rule of Civil Procedure 45(a)(1)(D),[1] a party may serve upon a non-party a subpoena, commanding the non-party to produce documents. Former Fed. R. Civ. P. 45(a)(1)(D). "The scope of the discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b)." *McErlain v. Park Plaza Towers Owners Ass'n*, 2013 U.S. Dist. LEXIS 179176, at *6 (N.D. Cal. Dec. 19, 2013). Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A court must limit the scope of discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

---

[1] Federal Rule of Civil Procedure 45 was amended effective December 1, 2013.

3

Fed. R. Civ. P. 26(b)(2)(C). A court may also limit discovery by issuing "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

"[P]re-trial discovery is ordinarily 'accorded a broad and liberal treatment.'" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). A district court "has wide discretion in controlling discovery" and "will not be overturned unless there is a clear abuse of discretion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

## DISCUSSION

Plaintiff's subpoena seeks documents related to the alleged 50/50 partnership agreement and the compensation that defendant has received from the various business ventures at issue. Docket No. 69-1, Williamson Decl. Ex. 1. Therefore, the subpoena seeks information that is relevant to plaintiff's claims. Moreover, it does not appear that compliance with the subpoena would place an undue burden on Mr. Young.

However, the Court disagrees with plaintiff that in order to comply with the subpoena Mr. Young was required to either mail the requested documents to plaintiff's counsel in Reno, Nevada or personally appear with documents at American Reporting Services in San Rafael, California at the specified time. Docket No. 69-1, Williamson Decl. ¶ 7, Ex. 1. Under former Rule 45(c)(2)(A), "[a] person commanded to produce documents, electronically stored information, or tangible things, . . . need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial." Plaintiff's subpoena did not also command Mr. Young to appear for a deposition, hearing, or trial. Therefore, Mr. Young was not required to personally appear in San Rafael and could alternatively comply with the subpoena by mailing the documents to San Rafael. Moreover, the subpoena could not require Mr. Young to mail the requested documents to the law offices of plaintiff's council in Reno. Under former Rule 45(a)(2)(C), a subpoena for the production of documents must be issued by the court for the district where production is to be made. Because the subpoena issued from

this Court, plaintiff could not require that the production be made in Reno. That Mr. Young had the option to comply with the subpoena by mailing the documents to American Reporting Services' offices in San Rafael is important because there is some evidence in the record showing that Mr. Young may have indeed taken this option and complied with the subpoena. *See* Docket No. 69-4, Mapes Decl. ¶ 4. Nevertheless, because plaintiff's counsel states that he was unable to locate the documents, the Court will order Mr. Young to resend the documents to the San Rafael location.

## CONCLUSION

Accordingly, the Court GRANTS plaintiff's motion to compel.[2] Docket No. 69. **Mr. Young is ORDERED to comply with the subpoena by mailing the documents or delivering the documents in person to the offices of American Reporting Services, LLC located at 711 Grand Avenue, Suite 120, San Rafael, CA 94901 within ten (10) day from the date this order is filed**. Plaintiff must take the necessary steps to ensure that American Reporting Services is prepared to receive the documents and then provide the documents to plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: January 15, 2014

SUSAN ILLSTON
United States District Judge

---

[2] In his motion to compel, plaintiff requests an award of the attorney's fees he incurred in filing the motion. Docket No. 69 at 5. Because it is unclear from the record whether Mr. Young did comply with the subpoena by mailing the documents to San Rafael, the Court declines to award plaintiff attorney's fees.

5