IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A.M BROWN, | Case No. CV 13-03318 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO FILE UNDER SEAL** |
| v. | |
| BRIAN A. BROWN, and DOES 1 through 10, inclusive, | |
| Defendants. | |

On January 24, 2014, defendant Brian A. Brown filed an amended answer and counterclaims. Docket No. 90-4. By the present motion, defendant moves to seal portions of his amended answer and counterclaims. Docket No. 90. Defendant argues that portions of the amended answer and counterclaims should be sealed because they contain confidential, personal, and financial information pertaining to defendant, plaintiff, and their companies. *Id.* at 1-3.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive

1 motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at
2 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly
3 tailored," such that only sealable information is sought to be redacted from public access. Civil Local
4 Rule 79-5(b).

5      "The Ninth Circuit has not explicitly stated the standard—good cause or compelling
6 reasons—that applies to the sealing of a complaint, but this Court and other courts have held that the
7 compelling reasons standard applies because a complaint is the foundation of a lawsuit." *In re Google*
8 *Inc. Gmail Litig.*, 2013 U.S. Dist. LEXIS 138910, at *10-11 (N.D. Cal. Sept. 25, 2013) (collecting
9 cases). Accordingly, the Court applies the "compelling reasons" standard to defendant's request to seal
10 portions of his amended answer and counterclaims.

11      Defendant seeks to file under seal information about defendant's and plaintiff's salary, stock
12 options, bonuses, consulting fees, severance, and equity interests in privately held companies. Docket
13 No. 90 at 1. Defendant explains that the public disclosure of this information could harm plaintiff and
14 defendant because they are not retired and continue to seek employment and consulting opportunities.
15 *Id.* at 2. The Court concludes that defendant has shown compelling reasons for sealing this information.
16 *See Pryor v. City of Clearlake*, 2012 U.S. Dist. LEXIS 112246, at *13-15 (N.D. Cal. Aug. 9, 2012)
17 (granting motion to seal a party's personal financial information, including information about the party's
18 salary).

19      Defendant also seeks to file under seal information about the profits, losses, income,
20 investments, and expenses that derive from financial statements and ledgers of two privately held
21 companies co-funded by defendant and plaintiff. Docket No. 90 at 1. Defendant explains that the public
22 disclosure of this information could harm these companies if the information was used by its
23 competitors. *Id.* at 2. The Court concludes that defendant has shown compelling reasons for sealing
24 this information. *See Hodges v. Apple Inc.*, 2013 U.S. Dist. LEXIS 164674, at *7 (N.D. Cal. Nov. 18,
25 2013) (granting motion to seal a company's private financial information).

26
27
28

In addition, defendant's request is narrowly tailored because the amended answer and counterclaims have been redacted to remove only the confidential information. Moreover, the Court previously granted defendant's motion to seal the same information when he filed his original answer and counterclaims. Docket No. 77. Accordingly, the Court GRANTS defendant's motion to seal. Docket No. 90.

**IT IS SO ORDERED.**

Dated: January 29, 2014

SUSAN ILLSTON
United States District Judge